UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMAS ESPINOSA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 14-482 RDM |
| JULIÁN CASTRO, Secretary, United States Department of Housing and Urban Development, | ) ) ) ) ) |
| Defendant. | ) ) ) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

The parties, by and through the undersigned counsel, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed with prejudice and without costs, interest, disbursements or fees as against all Parties, other than as set forth herein:

1. This Stipulation of Settlement and Dismissal (the "Stipulation") is a result of a compromise and shall never at any time or for any purpose be construed as an admission of liability or fault by the United States Department of Housing and Urban Development ("HUD" or the "Agency") or the United States or any of its present or former departments, agencies, agents, officials, or employees.

2. <u>Settlement Payment</u>. Within 60 calendar days, or as soon thereafter as practicable consistent with the normal processing procedures followed by the Department of Justice and HUD, after the date of entry of this Stipulation by the Court, HUD will pay ten thousand dollars ($10,000) to Mr. Espinosa's attorney in full satisfaction of all attorney's fees, costs, damages, and other litigation expenses in this case, and defendant shall have no further liability for those fees,

costs, damages, and expenses in this case or for any other liability subject to the release herein. This payment shall be made by check payable to Tamara L. Miller or by direct deposit to a bank account to be designated by counsel for Plaintiff in the amount of ten thousand dollars ($10,000.00) (the "Settlement Amount").

3. As a material inducement to HUD to enter into this Stipulation, Plaintiff agrees to accept the benefits being provided to him under this Stipulation in full settlement and satisfaction of any and all claims and demands, and hereby irrevocably and unconditionally releases, acquits, and forever discharges the United States, HUD and any of their current or former officers, employees, representatives, agents, attorneys, and persons acting by, through, or under any of them, including, but not limited to, all individual federal employees identified in the Complaint, in their official and individual capacities (collectively "the Releasees") or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown, suspected or unsuspected ("Claim" or "Claims") that Plaintiff now has, owns, or holds, or claims to have, own, or hold, or at any time heretofore had, owned, or held, or claimed to have, own, or hold, that pertain to the facts alleged in the Complaint, Amended Complaint, or to Equal Employment Opportunity complaint HUD-00109-2012, or to any employment-related events that occurred prior to the execution of this Stipulation.

4. Plaintiff represents that he has not filed any complaints or charges against HUD or the United States in connection with the matters complained of in the present Complaint, other than the present Equal Employment Opportunity complaint HUD-00109-2012. Additionally, Plaintiff agrees not to file any complaint or make any complaint to or

against any agency of the federal government or any tribunal at any time hereafter regarding matters that have occurred prior to the execution of this Stipulation and that involve, relate to or arise out of the allegations in the present Complaint or allegations that involve, relate to or arise out of his employment at HUD prior to the execution of this Stipulation.

5. Within 60 calendar days, or as soon thereafter as practicable, from the date of entry of this Stipulation by the Court, HUD OIG will appoint Plaintiff to the HUD OIG Office of Audits, in the position of Supervisory Auditor, GS-14-Step 5 to supervise a combination of the Hartford and Boston staff. The Boston, Massachusetts, Office will be Plaintiff's official duty station, with required travel to supervise the Hartford staff in the Hartford Office. The Agency will pay Plaintiff's relocation expenses to the extent they are required by the Federal Travel Regulations ("FTR"), 41 C.F.R. § 302-3.101, Table A, Column 1. The Agency will not pay for any relocation expenses that are deemed discretionary by the FTR, 41 C.F.R. § 302-3.101, Table A, Column 2.

6. Plaintiff acknowledges that the Agency has informed him that the Supervisory Position for the Hartford Office is challenging and will require strong supervisory and audit skills. HUD OIG will allocate an amount not to exceed $3,000.00 for supervisory training for Plaintiff.

7. Nothing in this agreement precludes Plaintiff from seeking from the Agency Continuing Professional Education training typically available to Agency auditors free of charge.

8. HUD and Plaintiff each acknowledge that they are entering into this Stipulation knowingly and voluntarily, having had adequate time to consider its terms and after consultation and extensive negotiations between the Parties.

9. Plaintiff represents and agrees that he has had the opportunity to thoroughly discuss all aspects of this Stipulation with his attorney, and that he is fully aware of his right to discuss any and all aspects of this matter with an attorney chosen by him, that he has carefully read and fully understands all the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

10. <u>Older Workers Benefit Protection Act of 1990 and Other Required Compliance</u>

Plaintiff acknowledges that the waiver of his rights and claims hereunder is knowing and voluntary. Plaintiff shall have twenty-one (21) days, commencing on October 22, 2015, to consider the terms of this Stipulation. If Plaintiff chooses to sign this Stipulation before this 21-day consideration period has elapsed, Plaintiff acknowledges that his decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to Defendant or Defendant's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period. Plaintiff may revoke his agreement to this Stipulation during the seven (7) calendar day period following his execution hereof; and this Stipulation becomes effective and enforceable upon the passage of that seven-day period, if Plaintiff's agreement to this Stipulation has not been timely revoked. Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation and has done so. By the signatures below, Plaintiff's counsel represents that: (i) she has served as Plaintiff's attorney with respect to this matter; (ii) she has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) she believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection

with this Stipulation.

11. <u>Dismissal with Prejudice</u>. Unless Plaintiff timely exercises his right to rescind this Stipulation as provided in Paragraph 10 hereof, any party may file the fully executed Stipulation with the Court at any time after the expiration of seven (7) calendar days after the date on which the Stipulation was signed by plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court may retain jurisdiction to enforce the terms of this Stipulation. This retention of jurisdiction, being limited to enforcement of the terms of the settlement, does not extend to the award of any damages except insofar as damages may be a component of the payment to be made as described in Paragraph 2, hereof.

12. Plaintiff represents and acknowledges that in executing this Stipulation, he does not rely and has not relied upon any representation or statement made by any of the Releasees or by any of the Releasees' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Stipulation or otherwise, except those contained in this Stipulation.

13. This Stipulation shall be binding upon Plaintiff and upon his heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of Releasees and each of them, and to their heirs, administrators, representatives, executors, successors, and assigns.

14. This Stipulation will become effective on the expiration date of the revocation period described in Paragraph 10. Thereafter, it may not be amended or canceled, nor may any of its provisions be waived except in a suitable writing signed by the Parties.

15. <u>Release</u>. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action, and all claims relating to his employment with HUD, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein or with respect to any claim involving his employment with the Agency. Plaintiff hereby fully and forever releases and discharges the Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date that this Stipulation becomes effective and enforceable, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, Plaintiff acknowledges that he is aware that he may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which he now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims.

16. <u>No Assignment</u>. Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

17. <u>No Admission of Liability</u>. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof. Nothing in this Stipulation is intended to restrict the Agency's ability to exercise its management rights, in accordance with 5 U.S.C. § 7106.

18. <u>Tax Consequences</u>. Plaintiff understands that taxes will not be withheld from the Settlement Amount. Plaintiff represents and warrants that he will assume all responsibility

for, and will protect, indemnify, defend and hold HUD harmless from and against, any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties and expenses resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state or local government or agency thereof, related to any tax for which Plaintiff is found liable. Plaintiff acknowledges that he has not relied on any representations by government employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

19. <u>Entire Agreement</u>. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

20. <u>Amendments</u>. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

21. <u>Construction</u>. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

22. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

23. <u>Severability</u>. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

24. <u>Further Assurances</u>. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

25. <u>Right to Cure</u>. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) calendar days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

26. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be 1) delivered by hand, or 2) mailed and transmitted by fax or by e-mail, addressed as follows or as each party may subsequently update by written notice that includes an address and e-mail address or fax number to the other party:

If to plaintiff:

> Tomas A. Espinosa
> c/o Tamara L. Miller
> MILLERMASCIOLA
> Attorneys at Law
> 1825 K Street, NW
> Suite 1150

        Washington, DC 20006
        Fax: (202) 318-0559
        E-mail: Tamara.Miller@MillerMasciola.com

If to defendant:

        W. Mark Nebeker
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, DC 20530
        Fax: (202) 252-2599
        E-mail: mark.nebeker@usdoj.gov

and

        Venetia D. Bell, Senior Attorney-Advisor
        Stephen Begg, Attorney-Advisor
        451 7th Street, S.W.
        Room 8260
        Washington, DC 20410

27. Execution. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

28. Governing Law. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

29. Binding Effect. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period

provided for in Paragraph 10 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

/s/ Tomas Espinosa
TOMAS A. ESPINOSA

Date: 11/19/2015

/s/
TAMARA L. MILLER, DC Bar #435156
MILLERMASCIOLA
ATTORNEYS AT LAW
1825 K Street, NW
Suite 1150
Washington, DC 20006

Date: 11/17/15

Attorneys for Plaintiff

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: /s/ W. Mark Nebeker
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530

Date: 11/17/15

Attorneys for Defendant

SO ORDERED on this 17th day of Dec, 2015

UNITED STATES DISTRICT JUDGE